## Wood et al. v. Traber

*Wallace M. Keely,* for plaintiff.

*Smillie & Bean,* for defendant.

*High, Swartz, Flynn & Roberts,* for additional defendant.

KNIGHT, P. J., July 11, 1945.—This is a petition for extension of time to file præcipe to join additional defendants. To the petition an answer was filed, and the case argued before the court en banc.

This is a suit in assumpsit. The statement of claim was filed August 4, 1944. From this pleading we gather that plaintiffs are an unincorporated body, functioning under the name of Troop Committee of Troop 1, Red Hill; that on October 12, 1923, plaintiffs entered into an agreement of lease with one James F. Kline, for the rental of a piece of land belonging to the said Kline. Upon this land plaintiffs erected a cabin.

The lease provided that if Kline sold the property, plaintiffs were to have six months within which to remove the cabin. Kline sold and conveyed the premises, on September 23, 1941, to one Miriam C. Felty, who, in the petition before us, is alleged to be a straw woman for Fred O. Young and Carl Markley. Felty, Young and Markley took the property, with actual notice of the above lease. On January 28, 1942, Mir-

iam C. Felty conveyed the premises to the original defendant, who had actual notice of the above-mentioned lease, but who refused to allow plaintiffs to remove the cabin. Plaintiffs brought suit to recover the value of the cabin, and defendant, on March 17, 1945, filed her petition, for leave to file a præcipe to join Felty, Young and Markley as additional defendants, averring that they are liable over to defendant under the warranty in her deed.

Additional defendants are now added by virtue of Pa. R. C. P. 2253, which provides:

"No præcipe for a writ to join an additional defendant shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

The initial pleading was served on this defendant on August 30, 1944, and the petition now before us was presented on March 17, 1945, or after a lapse of six and one-half months.

We have held that a petition for the allowance of the filing of a præcipe after the 60-day period has expired, should show some reasonable justification and excuse for the delay, and a statement of the facts alleged to render additional defendant liable over to defendants: Scureman et ux. v. Perkiomen Realty Co., 59 Montg. 88.

The only excuse offered by defendant for her delay of over six months in availing herself of the provisions of the Pa. R. C. P. is that negotiations were pending between defendant and proposed additional defendants, for a settlement. The answer avers that proposed additional defendants were not represented by counsel, while defendant at all times had the advantage of legal advice. Certainly some limit must be put upon the indulgence of the court in extending the time

for bringing additional parties on the record, otherwise the 60-day limitation becomes meaningless.

We are of the opinion that defendant here has not shown sufficient justification or reason for her long delay. Negotiations for settlement could proceed after additional defendants had been joined as well as before.

The petitioner claims that proposed additional defendants are liable over to her by virtue of the warranty in the deed from them to herself.

This is a legal conclusion. The warranty is not set forth in the petition, and we do not know if it was a special or general warranty. Petitioner therefore has not sufficiently set forth the facts upon which she bases her claims that proposed additional defendants are liable over to her. At all events, the ruling we now make will not deprive petitioner of her remedy, if she has one, against proposed additional defendants.

And now, July 11, 1945, the rule is discharged.